LOUISE MEISE, Respondent, *v.* HENRY NEWMAN, Appellant, Impleaded with Another.

*Notice of the non-payment of a note — when the notary need not have personal knowledge of the demand for payment.*

It is not essential, in order to charge the indorser of a note with liability thereon, that the notary who signed a notice of the non-payment thereof should have had personal knowledge of the making of the demand for the payment, where the notary did not undertake to act in his official capacity, nor certify to the protest of the note, but simply gave notice to the indorser that the note had been presented for payment and that payment had been refused.

APPEAL by the defendant, Henry Newman, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of October, 1893, upon the verdict of a jury rendered after a trial at the New York Circuit.

*J. C. Rosenbaum*, for the appellant.

*J. C. Flammer*, for the respondent.

VAN BRUNT, P. J.:

Upon a previous argument of this case the court reserved for consideration the question as to whether there had been any sufficient proof of presentment and notice of non-payment to entitle the plaintiff to recover. Upon the record, as it then stood, the court was of opinion that there was not sufficient evidence of presentment and non-payment to charge the indorser. The case has now been resettled and the confusion which previously existed in reference to the testimony has been eliminated. A re-argument has been had, and it would seem that the objections suggested upon the previous argument have now been met.

It appears that the note in question was presented upon its due day by the plaintiff and her husband to the defendant and payment demanded, which was not made, and that the notice of such demand and non-payment was duly mailed to and received by the indorser.

It is urged upon the part of the appellant that there is no authority shown upon the part of the notary to sign the notice of non-payment, and that, he not having made the demand, and not having personal knowledge of the making of the demand, such notice was of no avail and the indorser was not charged. It appears that the notary had his place of business in the office of the plaintiff's attorney, and that the husband of the plaintiff came in with the note and told the notary of the presentment, and that subsequently the attorney came in and he and the notary talked the matter over, and it was then decided to send the notice of non-payment. This, it seems to us, was sufficient, and the authority to act complete.

It is to be observed that the notary did not pretend to act in his official capacity, and did not certify to the protest of the note, but simply gave notice to the indorser that the note had been presented for payment, and that payment had been refused.

We think, therefore, that the judgment should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment affirmed, with costs.